77 F.3d 494
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GREGG ALAN WOOLDRIDGE, Petitioner-Appellant,
v.
H.N. SCOTT; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6382.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before PORFILIO, KELLY and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 KELLY, Jr.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner appeals from the district court's denial of his pro se petition for federal habeas corpus relief filed pursuant to 28 U.S.C. 2254. On appeal, petitioner argues that the district court erred in deciding his claim of ineffective assistance of counsel was procedurally barred and lacked merit. Construing petitioner's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we affirm.
 
 
 4
 Petitioner was convicted in Oklahoma district court on September 23, 1988, of burglary in the second degree after former conviction of two or more felonies and sentenced to twenty years' imprisonment. The Oklahoma Court of Criminal Appeals affirmed. Wooldridge v. State, 801 P.2d 729 (Okla.Crim.App.1990). Thereafter, petitioner applied for state post-conviction relief, raising, among other arguments, ineffective assistance of trial counsel for the first time. The Oklahoma district court denied relief, finding that petitioner failed to raise the issue on direct appeal and, in any event, it lacked merit. The Oklahoma Court of Criminal Appeals affirmed the conclusion that the claim could have been raised on direct appeal.
 
 
 5
 Petitioner then filed for federal habeas corpus relief. He alleged that his due process rights were violated when the Oklahoma Court of Criminal Appeals erroneously concluded his ineffective assistance of counsel claim was procedurally barred and that his Sixth Amendment right to effective assistance of counsel was violated because he was advised by his trial counsel to reject the state's plea offer. The petition was assigned to a magistrate judge, who issued proposed findings and recommended that the petition be dismissed. The district court agreed with the magistrate judge and dismissed the petition with prejudice. The district court determined that the ineffective assistance of counsel claim was procedurally barred. Nonetheless, the district court considered the claim on its merits, and concluded petitioner had not shown counsel's advice was professionally unreasonable under the circumstances, such that it amounted to constitutionally ineffective assistance of counsel.
 
 
 6
 On appeal, petitioner first argues that his ineffective assistance of counsel claim was not procedurally barred because he could not have presented the claim on direct appeal since the trial record was insufficient to address the issue. We agree. Petitioner's ineffective assistance of counsel claim was not procedurally barred. See Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir.1995), cert. denied, No. 95-6972, 1995 WL 729988 (U.S. Feb. 20, 1996); Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir.1994), cert. denied, 115 S.Ct. 2564 (1995).
 
 
 7
 Because the ineffective assistance of counsel claim is not procedurally barred, we too consider it on the merits. Petitioner argues that his trial counsel was ineffective because he advised against accepting a proffered plea agreement due to a perceived "speedy trial" violation which was ultimately overruled. Petitioner, however, countered with an alternate plea agreement, which the State rejected. The original offer was reextended and again rejected. By rejecting the plea offer and proceeding to trial, petitioner maintains he received an additional ten years of imprisonment.
 
 
 8
 "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer, 51 F.3d at 1523. To prove that counsel was constitutionally ineffective, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To show prejudice, a petitioner must establish that if counsel's performance had not been deficient, "the result of the proceeding would have been different." Id. at 694. To prove prejudice in the context of this case, a petitioner must establish a reasonable probability that but for incompetent counsel he would have accepted the plea offer and pled guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 9
 Petitioner has failed to prove that counsel's performance fell below an objective standard of reasonableness or that he would have accepted the plea offer. There is no allegation that counsel precluded petitioner from accepting the plea offer or that petitioner did not make the decision to reject the plea offer himself. Indeed, the record reflects that the offer to plea bargain was held open for at least two months and that two counter offers were made but rejected by the State. Petitioner asserts only that counsel gave bad advice. Even assuming the truth of the assertion, bad advice alone is insufficient to prove the deficient performance required for constitutionally ineffective assistance of counsel. See United States v. Boone, 62 F.3d 323, 327 (10th Cir.) (counsel's misunderstanding and miscommunication of possible sentence is not ineffective assistance of counsel), cert. denied, 116 S.Ct. 576 (1995); Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir.1995)(for counsel's advice to be constitutionally ineffective, it must be completely unreasonable, bearing no relationship to possible defense strategy, not merely wrong). Petitioner's allegations do not overcome the presumption that his counsel was competent. See Strickland, 466 U.S. at 689 (presuming counsel's conduct falls within wide range of professional assistance and giving wide latitude to counsel in making strategic decisions). We conclude petitioner has failed to establish that counsel's performance was deficient.
 
 
 10
 Because we conclude petitioner did not establish deficient performance, we need not consider prejudice. Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3