**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROCKY R. GALLEGOS,

Defendant-Appellant.

No. 07-8078
(D.C. No. 06-CR-173-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

Defendant-Appellant Rocky R. Gallegos pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and one count of use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to incarceration of 172 months on the first count, to be followed

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consecutively by a sentence of 84 months on the second count, to be followed by a period of supervised release. Mr. Gallegos now appeals his sentence, arguing that the district court improperly failed to make particularized findings tying him to the relevant conduct used to set his base offense level under the advisory United States Sentencing Guidelines. We affirm.

## BACKGROUND

An indictment charged Mr. Gallegos with three counts: Count 1, conspiracy to possess with intent to distribute, more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); Count 2, using a firearm during and in relation to a federal drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and Count 3, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He entered into a plea agreement with the Government in which he agreed to plead guilty to the first two counts, and the Government agreed to dismiss the felon-in-possession charge.

The plea agreement provided that Mr. Gallegos's relevant conduct for purposes of calculating the drug quantity to be attributed to him involved at least 200 grams but less than 350 grams of methamphetamine. Mr. Gallegos also agreed to sentencing enhancements of two levels each for the presence of a vulnerable victim under United States Sentencing Guidelines Manual ("U.S.S.G.") § 3A1.1(b)(1); restraint of a victim under § 3A1.3; and an aggravating role in the offense under § 3B1.1(c).

A presentence report ("PSR") was prepared. No objections to the PSR were submitted. However, at the sentencing hearing, after the government reviewed the terms of the plea agreement and the sentencing information contained in the PSR, Mr. Gallegos advised the court that he wished to withdraw his guilty plea because he objected to the amount of drugs and to "some of the upward departures." R., Vol. IV, Tr. at 6. The court withdrew Mr. Gallegos's guilty plea and set a trial date.

After Mr. Gallegos's aborted sentencing hearing, but prior to his trial date, Mr. Gallegos signed an identical plea agreement which contained the same stipulations as the first plea agreement. At Mr. Gallegos's second change of plea and sentencing hearing, the government again reviewed each of the enhancements and stipulations, including the relevant conduct amount of at least 200 grams but less than 350 grams of methamphetamine. Mr. Gallegos acknowledged personally trafficking only about 70 grams of methamphetamine, but did not specifically contest that his jointly undertaken criminal activity involved at least 200 grams of methamphetamine.

The Base Offense Level for a violation of 21 U.S.C. § 841(a)(1) involving at least 200 grams of methamphetamine is 28. *See* U.S.S.G. § 2D1.1(c)(6) (2006). Given the stipulated adjustments and an adjustment for acceptance of responsibility, the PSR calculated Mr. Gallegos's Total Offense Level at 31. He had nineteen criminal history points, establishing a Criminal History Category of

VI.  This resulted in an advisory Sentencing Guideline range of 188 to 235 months' imprisonment on Count 1.  By statute, a sentence on Count 2 of not less than seven years (84 months), consecutive to the sentence on Count 1, was required.  18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. § 5C1.1(f) (2006).

At the conclusion of the hearing, the district court, after considering the sentencing factors described in 18 U.S.C. § 3553, sentenced Mr. Gallegos to a term of imprisonment of 172 months on Count 1 and a consecutive 84 months on Count 2.  In so doing, the court varied downward 16 months on Count 1 from the low end of the Guidelines range.

## ANALYSIS

We appointed counsel for Mr. Gallegos, who filed a brief on his behalf raising a single issue:

> Whether the trial court must make particularized findings tying the defendant to the relevant conduct used to set his base offense level beyond what he has admitted and did the court so make?

Aplt. Br. at 2.[1]

This procedural challenge to the district court's sentencing decision was not raised at sentencing.  Accordingly, we review for plain error.  *United States v.*

---

[1]  Mr. Gallegos also filed a pro se brief in which he attempted to raise a number of issues.  Since he was represented by counsel at the time, and has continuously been represented by counsel during the course of this appeal, we will not consider his pro se brief.  *United States v. Guadalupe*, 979 F.2d 790, 795 (10th Cir. 1992).

*Mendoza*, 543 F.3d 1186, 1190 (10th Cir. 2008). Plain error is "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007). "For an error to have affected substantial rights . . . [i]t must have affected the outcome of the district court proceedings." *Id.* at 1179 (quotation omitted).

"Section 1B1.3 of the Sentencing Guidelines provides that a defendant's base level offense will be based in part on relevant conduct, which goes beyond simply the conduct for which the defendant was convicted." *United States v. Green*, 175 F.3d 822, 837 (10th Cir. 1999). In the case of a conspiracy, a defendant is accountable for all reasonably foreseeable acts and omissions of others within the scope of his agreement. *Id.*; U.S.S.G. § 1B1.3 cmt. n.2. At sentencing, a district court must make particularized findings as to (1) the scope of the criminal activity the defendant agreed to undertake regarding the conspiracy and (2) the relevant conduct reasonably foreseeable to the defendant. *United States v. Sells*, 477 F.3d 1226, 1242 (10th Cir. 2007).

After reviewing the record, we conclude that even if there was error, it did not rise to the level of plain error because it did not affect Mr. Gallegos's substantial rights. The district court implicitly made the findings required by *Sells* by relying on the presentence report and the plea agreement. Mr. Gallegos stipulated in his plea agreement that his relevant conduct involved at least 200

grams but less than 350 grams of methamphetamine. He even notes in his brief that, "[T]he court had before it sufficient evidence to make a finding of between 200 and 350 grams [of methamphetamine]. . . ." Aplt. Br. at 18.

The judgment of the district court is therefore AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge