FILED
United States Court of Appeals
Tenth Circuit

February 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

ROCKY R. GALLEGOS,

        Defendant – Appellant.

No. 11-8084
(D.C. Nos. 2:10-CV-00091-CAB and
2:06-CR-00173-CAB-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO, O'BRIEN,** and **MATHESON**, Circuit Judges.

Rocky Gallegos, a federal prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Gallegos's application for a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Gallegos is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. BACKGROUND

On June 12, 2007, Mr. Gallegos pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and one count of use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Mr. Gallegos to 256 months of imprisonment.

Mr. Gallegos filed a timely appeal challenging his sentence, which we rejected. *See United States v. Gallegos*, 311 Fed. Appx. 97 (10th Cir. 2009) (unpublished).

On May 14, 2010, Mr. Gallegos filed a motion in the United States District Court for the District of Wyoming to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his § 2255 motion, Mr. Gallegos asserted six grounds for relief and 32 claims of error. The Government filed a timely response to Mr. Gallegos's motion, to which Mr. Gallegos had an opportunity to respond. On September 15, 2011, the district court issued a 51-page order denying Mr. Gallegos's motion. The district court concluded that several of Mr. Gallegos's claims were procedurally barred and that his claims for ineffective assistance of counsel lacked merit. In the same order, the district court denied Mr. Gallegos's application for a COA, concluding that he had not made a substantial showing of the denial of a constitutional right.

Mr. Gallegos now seeks a COA from this court, which would enable him to appeal from the district court's denial of his § 2255 motion.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); *accord Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 172 (2010). To receive a COA, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A[n applicant] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Dulworth v. Jones*, 496 F.3d 1133, 1136-37 (10th Cir. 2007) (quotations omitted). In other words, to obtain a COA, an applicant must show that the district court's resolution of his constitutional claims was either "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Gallegos has failed to satisfy this burden. In his application for a COA, Mr. Gallegos first contends that the district court erred in "dismissing [his] petition under Fed. R. Civ. P. 12(b)(6) when it failed to assume all facts pleaded . . . to be true and considered material not included in the petition." Aplt. Br. at 3. Mr. Gallegos is correct that in resolving a motion to dismiss under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view [those] allegations in the light most favorable to the [nonmoving party]." *Kerber v. Qwest Group Life Ins. Plan,* 647 F.3d 950, 959 (10th Cir. 2011) (quotations omitted). He is also correct that a district court cannot consider material outside of a complaint when considering whether to dismiss a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). But the district court did *not*

3

dismiss Mr. Gallegos's § 2255 motion under Rule 12(b)(6). Instead, in its thorough order, the court considered all of Mr. Gallegos's claims and rejected them on either procedural or substantive grounds. Mr. Gallegos's arguments concerning Rule 12(b)(6) are therefore misguided.

Next, Mr. Gallegos contends, in the alternative, that the district court erred in "dismissing [his] petition under Fed. R. Civ. P. 56" because the court "failed to give [him] the required ten-day notice informing [him] . . . of [its] intentions." Aplt. Br. at 3. However, the district court did *not* dismiss Mr. Gallegos's § 2255 motion under Rule 56 of the Federal Rules of Civil Procedure. Thus, like his arguments with respect to Rule 12(b)(6), Mr. Gallegos's arguments concerning Rule 56 miss the mark.

Finally, Mr. Gallegos contends that he "alleged sufficient facts [to] show[] his decision to plead guilty arose from his counsel's erroneous advice" and that "[t]he district court erred in summarily dismissing [his] petition without first having an evidentiary hearing or conducting further investigations to address [his] claims." Aplt. Supp. Br. at 1. In other words, Mr. Gallegos argues that the district court should not have rejected his ineffective assistance of counsel claims without giving him an evidentiary hearing.

A petitioner for habeas relief is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion." *United States v. Clingman*, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002).

4

The district court concluded that the files and records in this case conclusively demonstrated that Mr. Gallegos was not entitled to relief on his ineffective assistance of counsel claims.[2] Other than his conclusory assertion that the district court should have held an evidentiary hearing, Mr. Gallegos has not challenged the district court's ruling.[3] A § 2255 petitioner is entitled to an evidentiary hearing when there is a disputed factual issue. *See Anderson v. Atty. Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting evidence."). Mr. Gallegos's conclusory assertion does not suggest that there is a dispute of fact warranting an evidentiary hearing and does not provide us with guidance as to what factual inquiry an evidentiary hearing might address if granted. Moreover, after reviewing Mr. Gallegos's § 2255 motion, the district court's order, and the entire record on appeal, we cannot say that the district court abused its discretion in concluding that an evidentiary hearing was unnecessary. We therefore reject Mr. Gallegos's argument that the district court erred in denying his § 2255 motion without conducting an evidentiary hearing.

---

[2] Mr. Gallegos challenges the district court's failure to provide an evidentiary hearing only with respect to its denial of his ineffective assistance of counsel claims.

[3] We have stated that a petitioner's pro se status does not relieve him of his obligation to adequately brief his position. *See, e.g.*, *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). If that were not true, we would be placed in the position of being the petitioner's advocate, which our precedent prohibits. *See, e.g.*, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); *Garrett*, 425 F.3d at 840 ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

## III. CONCLUSION

Mr. Gallegos has failed to make a substantial showing of the denial of a constitutional right. Additionally, Mr. Gallegos has failed to demonstrate that the district court abused its discretion in rejecting his § 2255 motion without conducting an evidentiary hearing. We therefore deny Mr. Gallegos's application for a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson
Circuit Judge

6