FILED
United States Court of Appeals
Tenth Circuit

May 7, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEO PATTERSON,

Defendant - Appellant.

No. 12-6164
(D.C. Nos. 5:10-CV-01250-C and
5:05-CR-00068-C-1)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **EBEL** and **MURPHY**, Circuit Judges.

Defendant-Appellant Cleo Patterson filed a notice of appeal as to the district

court's orders denying Mr. Patterson relief under 28 U.S.C. §2255, and we granted COA

on two issues: (1) whether Mr. Patterson's Sixth Amendment right to assistance of

counsel was violated by counsel's allegedly erroneous advice concerning the plea

agreement; and (2) whether the district court erred in failing to address certain claims

made by Mr. Patterson.

---

*After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

We determine that the record demonstrates that Mr. Patterson's right to counsel in the plea negotiation process was not violated. Moreover, we conclude that although the district court erred in failing to address certain claims made by Mr. Patterson, the record demonstrates that the unaddressed claims lack merit. Because the issues omitted on appeal lack merit, we likewise reject Mr. Patterson's arguments that his appellate counsel was ineffective for failing to raise these claims on appeal. See Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001). Accordingly, we AFFIRM the district court's rulings denying Mr. Patterson relief.[1]

## BACKGROUND

The facts related to this case have been set forth in previous opinions from this court. As relevant to this appeal, Mr. Patterson—who was previously convicted by a jury and sentenced by the district court—filed a pro se motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Original Motion"). In his Original

---

[1] In his reply brief on appeal, Mr. Patterson requests that this Court remand the matter for an evidentiary hearing on his claims of ineffective assistance of counsel. The district court previously denied Mr. Patterson's request for an evidentiary hearing on his claims of ineffective assistance of counsel. "Because issues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived, we will not consider this argument." United States v. Smith, 606 F.3d 1270, 1284 (10th Cir. 2010) (internal quotation marks omitted). Moreover, we note that an evidentiary hearing is not warranted because Mr. Patterson's claims for ineffective assistance of counsel are foreclosed by the record. United States v. Gallegos, 459 F. App'x 714, 716-17 (10th Cir. 2012) (unpublished) (rejecting § 2255 petitioner's conclusory assertion that he should have received an evidentiary hearing because (1) petitioner did not suggest that there was a dispute of fact that warranted a hearing, and (2) a review of the record did not establish that the district court had abused its discretion in denying the request for a hearing).

Motion, Mr. Patterson raised four claims of ineffective assistance of counsel. Specifically, Mr. Patterson argued that trial counsel (1) improperly advised Mr. Patterson concerning a plea agreement; (2) failed to object to Mr. Patterson's criminal history category as overrepresenting the seriousness of his criminal history and likelihood of recidivism; (3) failed to move to dismiss the indictment on the basis of an alleged violation of the Speedy Trial Act; and (4) acted against Mr. Patterson's interests as a result of an alleged conflict of interest concerning a $20,000 debt owed by Mr. Patterson to counsel. Additionally, Mr. Patterson argued that appellate counsel was ineffective for raising on appeal these claims of ineffective assistance of counsel.

Mr. Patterson later moved to "supplement and amend" his Original Motion, and asked that when the court ruled on his "original 2255 motion," that the court would "rule on both of Petitioner's motions simultaneously." Doc. 135. The court granted the motion to supplement and amend, acknowledging that Mr. Patterson "wishe[d] to add an additional claim of ineffective assistance of counsel," and concluding that Mr. Patterson should be allowed to amend. Doc 136. Mr. Patterson then filed an amended motion ("Amended Motion"), which did not mention the claims he raised in his Original Motion but instead raised a new claim of ineffective assistance of counsel. Accordingly, in its answer to the Amended Motion, the Government argued that Mr. Patterson had abandoned most of the claims raised in the Original Motion. In his reply, Mr. Patterson asserted that he had not abandoned these claims.

3

The district court denied Mr. Patterson's § 2255 request for relief. In its order, it addressed the new claim raised in the Amended Motion, but it did not address all of the claims in Mr. Patterson's Original Motion. The only claim the district court addressed from Mr. Patterson's Original Motion was the claim that counsel had been ineffective during plea negotiations. In addressing this claim, the district court stated that Mr. Patterson had "abandoned that argument when he filed his [A]mended Motion," but "in a recent filing, Defendant attempts to revive the issue." Doc. 145 at 3. Nonetheless, the court indicated that "it [wa]s unnecessary to resolve th[e] dispute" over whether the issue had been abandoned, because the argument lacked merit. Id. Specifically, the court held that Mr. Patterson had not established prejudice from counsel's alleged failure to advise him properly concerning the plea agreement. Id. The district court did not mention the other claims that Mr. Patterson raised in his Original Motion.

Subsequently, Mr. Patterson filed a pleading entitled "Motion to Alter or Amend Judgment or Reconsider Judgment Pursuant to Rule 59(e) Fed. R. Civ. P. and/or Request for Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)(B)" ("Rule 59(e) Motion"). In this motion, Mr. Patterson argued (1) that he had not abandoned the arguments raised in his Original Motion and that the court erred in failing to address these arguments, and (2) that the court erred in concluding that his sentence would have

4

been the same even if he had accepted the plea agreement.[2]  He also requested that, if the

court did not grant his motion for reconsideration, the court grant him a certificate of

appealability ("COA").

The district court construed this pleading as an attempt to file a second or

successive habeas petition and transferred the matter to this court.[3]  But the district court

stated that, in the alternative, if the motion were not a second or successive § 2255

motion, it raised no ground of error not previously considered and rejected by the court.

Accordingly, the court denied both his motion for reconsideration and request for a

certificate of appealability. Mr. Patterson filed a notice of appeal, and this Court granted

COA as to two issues, which are discussed below.

## DISCUSSION

### I.  Standard of Review

"This court reviews the district courts legal rulings on a § 2255 motion de novo

and its findings of fact for clear error." United States v. Wiseman, 297 F.3d 975, 978

(10th Cir. 2002) (internal quotation marks omitted).  "We note that we are authorized to

affirm on any grounds that are supported on the record." United States v. Dixon, 1 F.3d

---

[2] In his Rule 59(e) Motion, Mr. Patterson also argued that the court erred in failing to make a determination as to whether the definition of "sale" under the state statute under which he had been previously been convicted satisfied the federal definition of a controlled substance. We previously denied COA as to this claim. United States v. Patterson, No. 12-6164 (10th Cir. Feb. 1, 2013).

[3] Upon transfer, this court opened a case for a petition seeking authorization to file a second or successive appeal, but ultimately dismissed the case. United States v. Patterson, No. 12-6158 (10th Cir. Dec. 26, 2012).

1080 n.8, 1084 (10th Cir. 1993)**,** abrogated on other grounds by Florida v. White, 526 U.S. 559, 119 S. Ct. 1555 (1999); see also Kerber v. Qwest Grp. Life Ins. Plan, 647 F.3d 950, 971 (10th Cir. 2011) ("We may uphold a district court's decision on any ground supported by the record, regardless of whether it is argued on appeal or whether it formed the basis for the decision below.").

## II. Mr. Patterson's Sixth Amendment Right to Counsel Was Not Violated by Counsel's Advice During the Plea Negotiation Process

Mr. Patterson argues that counsel provided ineffective assistance during plea negotiations prior to trial. Specifically, he alleges that counsel "promised [Mr. Patterson] that he would win [Mr. Patterson's] case on a Fourth [ ] Amendment issue" and advised Mr. Patterson not to accept the plea offer. Doc. 118, Ex. 1 at 1-3. Mr. Patterson swears, "[I] only went to trial because my counsel advised me to go, and stated that he had a strong defense and strategy for my case." Doc. 118, Ex. 1 at 2-3.

"To establish ineffective assistance of counsel, Defendant must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by the deficient performance." United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012) (internal quotation marks omitted). Mr. Patterson has not met the high bar of demonstrating (A) that that counsel's representation was constitutionally deficient or (B) that he was prejudiced by any alleged deficiency.

6

## A. Counsel's Performance Was Not Constitutionally Deficient

"[T]he proper standard for attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To make the requisite showing, "the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). When determining if counsel provided reasonably effective assistance, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Thus, "we give considerable deference to an attorney's strategic decisions and recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir. 2002) (internal quotation marks omitted).

In the context of plea agreements, "bad advice alone is insufficient to prove the deficient performance required for constitutionally ineffective assistance of counsel." Wooldridge v. Scott, 77 F.3d 494 (10th Cir. 1996) (unpublished); accord, e.g., Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997) ("For counsel's [decision] to rise to the level of constitutional ineffectiveness, the decision . . . must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy." (internal quotation marks omitted)); United States v. Boone, 62 F.3d 323, 327 (10th Cir. 1995) (explaining that, during plea negotiations, "[t]he fact that . . . counsel misunderstood and miscommunicated the Defendant's possible sentence does not

7

constitute ineffective assistance of counsel"). Moreover, as the U.S. Supreme Court has noted that "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." Lafler v. Cooper, 132 S. Ct. 1376, 1391 (2012). Thus, this court rejected a claim for ineffective assistance of counsel where the petitioner "assert[ed] only that counsel gave bad advice," but made "no allegation that counsel precluded petitioner from accepting the plea offer or that petitioner did not make the decision to reject the plea offer himself." Wooldridge, 77 F. 3d at 494.

In this case, Mr. Patterson does not show that his counsel's performance was constitutionally deficient. Even accepting Mr. Patterson's allegations, Mr. Patterson does not demonstrate that counsel's advice was completely unreasonable or that it bore no relation to reasonable trial strategy. He does not claim that counsel precluded him from accepting the offer; nor does he deny that it was his choice to reject the offer and proceed to trial. Thus, even accepting Mr. Patterson's allegations, if counsel overestimated the strength of Mr. Patterson's case, Mr. Patterson has still not demonstrated the counsel's advice fell below an objectively standard of reasonableness.

**B. Mr. Patterson Was Not Prejudiced by the Alleged Deficiency in Counsel's Performance**

Even if counsel's performance was deficient, Mr. Patterson has not demonstrated that he was prejudiced by any alleged deficiency. To establish prejudice "[i]n the context of pleas[,] a defendant must show the outcome of the plea process would have been

8

different with competent advice." Lafler, 132 S. Ct. at 1384. When a defendant has rejected a plea offer and proceeded to trial,

> [the] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id.

In this case, Mr. Patterson has not demonstrated prejudice because there is no indication from the record that the outcome of the plea process would have been different if counsel had given Mr. Patterson different advice concerning the plea agreement.[4] Indeed, the record establishes that Mr. Patterson chose to go to trial to preserve his right to appeal under the Fourth Amendment. At a bench conference before trial, counsel explained to the district court and the Government:

---

[4] In ruling on Mr. Patterson's request for § 2255 relief, the district court held that Mr. Patterson had not established prejudice from counsel's alleged failure to advise him properly concerning the plea agreement because, even under the alleged plea offer, Mr. Patterson would have been subject to the career offender enhancement under U.S.S.G § 4B1.2. Thus, the district court concluded that if Mr. Patterson had accepted the agreement, his sentence would not have changed. The Government concedes that the district court was mistaken in concluding that the sentence would not have changed because, even if the career offender enhancement still applied, Mr. Patterson would likely have been eligible for a reduction for acceptance of responsibility if he had pled guilty. Nonetheless, the Government contends that Mr. Patterson has not demonstrated prejudice, because there is no indication from the record that Mr. Patterson would have pled guilty. We agree. See Kerber, 647 F.3d at 971 (explaining that "[w]e may uphold a district court's decision on any ground supported by the record").

9

> [The] defendant is proceeding to trial in this matter to preserve his constitutional right only. The defendant at one time had received an offer on one count of possession with intent; however, the defendant would have had to have waived any appellate rights that he had in this action. The defendant is therefore proceeding to trial to preserve his appellate rights under the Fourth Amendment.

Trial Tr. at 18-19.  Corroborating counsel's statements, as mentioned previously, Mr. Patterson stated to the court during the sentencing hearing that he "went to trial to preserve [his] Fourth Amendment [right] to the United States Constitution."  Sent. Tr. at 26.  The record further indicates that Mr. Patterson made this decision after being advised concerning the potential consequences of going to trial.[5]

Moreover, the record does not provide any indication that Mr. Patterson was willing to admit guilt and accept the plea offer.  Instead, the record reflects that Mr. Patterson consistently contested his guilt.  Indeed, Mr. Patterson filed numerous pro se documents and motions with the court.  For instance, in a letter to counsel that Mr. Patterson also filed with the court, Mr. Patterson told counsel, "You already should know after reviewing the discovery material that this case was based on nothing but lies by the law enforcement officials."  Doc. 39 at 2.

---

[5] Specifically, a letter that Mr. Patterson's counsel wrote in response to the Bar complaint filed by Mr. Patterson states that Mr. Patterson "<u>demanded</u> a jury trial," even though counsel had advised Mr. Patterson "of the dire consequences this would entail if he were convicted, due to the amount of drugs and his prior criminal history."  Doc. 126, Ex. 2 at 3 (emphasis added).

In sum, Mr. Patterson has not demonstrated that his counsel's performance during plea negotiations fell below an objective standard of reasonableness, nor has he demonstrated that he was prejudiced by any alleged deficiency. Accordingly, the issue lacks merit and would not have led to a different result if it had been raised on appeal. See Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001). Thus, we reject Mr. Patterson's claims for ineffective assistance of trial and appellate counsel on this basis.

### III. Because Mr. Patterson's Unaddressed Claims Lack Merit, We Affirm the District Court's Denial of § 2255 Relief

Mr. Patterson argued in his Rule 59(e) Motion that the district court erred in denying his request for § 2255 relief without considering three claims for ineffective assistance of counsel that he raised in his Original Motion. Specifically, Mr. Patterson argued that when he made his Motion to Amend, he had asked to add a claim and requested that the district court rule simultaneously on both his Original and Amended Motions. The district court rejected this argument, stating that it "would deny the request for reconsideration as it raises no ground of error that was not previously considered and reject[ed] by the Court." Doc. 148 at 2.

In the district court, the Government had argued that Mr. Patterson had abandoned the claims raised in his Original Motion by failing to raise them in his Amended Motion, and it appears that the district court considered the three omitted issues as abandoned. But on appeal, the Government concedes that, because Mr. Patterson did not explicitly relinquish these claims, the district should not have treated them as

11

abandoned.[6] Nonetheless, the Government argues that we should affirm the district court because it is clear from the record that the unaddressed claims lack merit.

"We may uphold a district court's decision on any ground supported by the record, regardless of whether it is argued on appeal or whether it formed the basis for the decision below." Kerber, 647 F.3d at 971. For the following reasons, we agree that each of Mr. Patterson's omitted claims lack merit, and we therefore uphold the district court's denial of §2255 relief.

As discussed previously, "[t]o establish ineffective assistance of counsel, Defendant must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by the deficient performance." Moya, 676 F.3d at 1213 (internal quotation marks omitted). Under this standard, "we give considerable deference to an attorney's strategic decisions and recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Bullock, 297 F.3d at 1044 (internal quotation marks omitted).

Moreover, in considering claims for ineffective assistance of appellate counsel, a defendant must demonstrate "a reasonable probability that the omitted claim would have

_____

[6] See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); accord, e.g., Meeks v. Singletary, 963 F.2d 316, 320 (11th Cir. 1992) (holding that a habeas petitioner's counsel's failure to address all of petitioner's claims at a status hearing did not constitute abandonment of the claims that counsel failed to address).

resulted in a reversal on appeal." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001); see also, e.g., United States v. Martinez-Perez, 78 F.3d 598 (10th Cir. 1996) (unpublished) ("Inasmuch as none of [defendant's] claims have merit, his claim that he received ineffective assistance of counsel, based on counsel's failure to bring these claims at trial or on appeal, also fails.").

In this case, as discussed below, it is evident from the record that Mr. Patterson's three unaddressed claims for ineffective assistance of counsel fail.

**A. Because Mr. Patterson's Criminal History Does Not Overrepresent the Seriousness of His History or His Likelihood of Recidivism, His Counsel Was Not Ineffective for Failing to Object to His Criminal History on This Basis**

U.S. Sentencing Guideline § 4A1.3 permits a downward departure where "reliable information indicates that the defendant's criminal history substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1) (emphasis added). Mr. Patterson argued that his counsel was ineffective for failing to object to Mr. Patterson's prior convictions as being overrepresentative of the seriousness of his criminal history or his likelihood of recidivism. Specifically, Mr. Patterson complained that counsel failed to challenge the underlying facts and circumstances surrounding the prior convictions used to qualify him as a career offender, and failed to move for a downward departure under U.S.S.G. § 4A1.3.

In this case, Mr. Patterson's counsel challenged the facts and circumstances surrounding Mr. Patterson's prior convictions, both in written objections to the

13

presentence report ("PSR") and during the sentencing hearing. However, Mr. Patterson's criminal history category does not substantially overrepresent the seriousness of his criminal history or his likelihood of recidivism. Indeed, prior to his conviction for the instant offense—possessing with intent to distribute sixty-seven pounds of cocaine—Mr. Patterson had numerous convictions for various offenses, including convictions for burglary, theft, and selling marijuana and cocaine. Indeed, although only two predicate offenses are necessary to trigger the career offender enhancement under U.S.S.G. § 4B1.1, Mr. Patterson had four qualifying convictions.

Moreover, it is evident that the district court considered whether the U.S. Sentencing Guidelines provided for an appropriate sentence in light of the circumstances surrounding Mr. Patterson's life and criminal history, and that the court concluded that the sentence imposed was necessary in light of Mr. Patterson's extensive criminal behavior. At the sentencing hearing, the court explained to Mr. Patterson,

> I am permitted to consider the guidelines along with other factors in deciding an appropriate sentence. Unfortunately, for you, none of those other factors advise anywhere outside the guideline range.

> You have been committing felony offenses your entire life. It doesn't appear to me that any amount of punishment up to this point has succeeded in changing your behavior. And simply to protect the public, I believe it's necessary that you be removed from society for a significant period of time.

Sent. Tr. at 27.

From the record, it is clear that Mr. Patterson's criminal history was not overrepresentative of the seriousness of his history and his likelihood of recidivism.

14

Thus, there is no merit to the claim that he should have received a downward departure on this basis. Accordingly, we reject Mr. Patterson's arguments that counsel was ineffective for failing to object to Mr. Patterson's criminal history as being overrepresentative and failing to move for a downward departure under U.S.S.G. § 4A1.3. See Neill, 278 F.3d at 1057.

**B. Because There Was No Speedy Trial Act Violation, Mr. Patterson's Counsel Was Not Ineffective for Failing to Move to Dismiss the Indictment on this Basis**

In his Original Motion, Mr. Patterson argued that counsel was ineffective for failing to move to dismiss the indictment based on an alleged violation of the Speedy Trial Act. Specifically, Mr. Patterson argues that he was not indicted until forty days after his arrest, which violated the requirement that the indictment be filed within thirty days from the date that he was arrested. See 18 U.S.C. § 3161(b). Because much of the time between Mr. Patterson's arrest and his indictment fall under exclusions to the Speedy Trial Act, there was no violation of the Speedy Trial Act.

Under 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." But there are "period[s] of delay [that] shall be excluded in computing the time within which . . . an indictment must be filed." Id. 18 U.S.C. § 3161(h)(1); accord, e.g., Martinez-Perez, 78 F.3d at 598 (concluding that there had been no violation of the Speedy Trial Act after discounting from the time required to return the indictment

15

applicable periods of delay excludable under 18 U.S.C. § 3161(h)(1)). Such excludable periods include delay that results from: "any pretrial motion," 18 U.S.C. § 3161(h)(1)(D); "any proceeding relating to the transfer of the case or the removal of any defendant from another district," id. § 3161(h)(1)(E); and "any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," id. § 3161(h)(1)(H).

In this case, at least eighteen days between Mr. Patterson's arrest and indictment are excludable under 18 U.S.C. § 3161(h)(1). Subsections 3161(h)(1)(D) and (H) provide for the exclusion of the period between March 3 and March 8 while the initial detention motion was pending, as well as the period between March 25 and March 30 while the subsequent detention motion was pending. Moreover, subsection 3161(h)(1)(E) provides for the exclusion of the period for transfer and removal between March 8, when the magistrate judge in the Middle District of Tennessee committed the case to the Western District of Oklahoma, and March 16, when the district court for the Western District of Oklahoma received the documents relating to the case.[7] When these days are removed

---

[7] Mr. Patterson was arrested in Tennessee based on charges filed in the Western District of Oklahoma. Mr. Patterson was taken before a magistrate judge in the Middle District of Tennessee, who ordered temporary detention. At a hearing before the magistrate judge, Mr. Patterson requested that his detention hearing be conducted in the Western District of Oklahoma, because that is where the charges against him were pending. Accordingly, on March 8, 2005, the magistrate judge ordered that Mr. Patterson answer for the charges in Oklahoma City, and committed the case to the Western District of Oklahoma. On March 11, 2005, the requisite documents were transmitted to the Western

Continued . . .

from the calculus, pursuant to the relevant statutory exclusions, the delay between Mr. Patterson's arrest and indictment falls within the bounds of the Speedy Trial Act. See id. § 3161(h)(1). Thus, we reject the argument that Mr. Patterson's counsel was ineffective for failing to move to dismiss the indictment on this basis. See Neill, 278 F.3d at 1057.

C. **Because Mr. Patterson Has Not Demonstrated There Was a Conflict of Interest that Affected the Adequacy of His Representation, We Reject Mr. Patterson's Claim that Counsel Was Ineffective Because of an Alleged Conflict Over the Debt Mr. Patterson Owed to Counsel**

Mr. Patterson argued in his Original Motion that his Sixth Amendment right to counsel was violated due to an alleged conflict of interest based on an outstanding debt that Mr. Patterson owed to counsel. "In the context of a conflict of interest claim where there was no objection at trial . . . the client must demonstrate an actual conflict of interest which adversely affected his lawyer's performance." Gardner v. Galetka, 568 F.3d 862, 886 (10th Cir. 2009) (alteration omitted) (internal quotation marks omitted). "An actual conflict of interest exists only if counsel was forced to make choices advancing interests to the detriment of his client." Workman v. Mullin, 342 F.3d 1100, 1107 (10th Cir. 2003) (alteration omitted) (internal quotation marks omitted). "The client has the burden of showing specific instances to support his contentions of an actual conflict adverse to his interests." Gardner, 568 F.3d at 886.

---

[7] (…continued)
District of Oklahoma, pursuant to Fed. R. Crim. P. 5(c)(3). The district court for the Western District of Oklahoma received the Rule 5 documents on March 16, 2005.

This court has previously rejected the argument "that the mere existence of [a] debt [owed by defendant to counsel] gave rise to an actual conflict." United States v. Ohiri, 287 F. App'x 32, 38 (10th Cir. 2008) (unpublished). In Ohiri, the defendant argued that the outstanding debt he owed counsel caused counsel, among other things, to forego engaging in discovery and investigating defenses, as well to pressure the defendant to plead guilty. Id. The defendant pointed to statements made by counsel in an affidavit in an attempt to support his allegations. Id. at 38-39. This court rejected defendant's arguments, concluding that the defendant "show[ed] only the possibility of a conflict" because he "point[ed] to no evidence linking this alleged deficient performance to the existence of the debt." Id. Thus, the defendant's claim for ineffective assistance of counsel failed. Id.

In this case, Mr. Patterson puts forth three arguments as to why counsel was ineffective based on an alleged conflict of interest, but like the defendant in Ohiri, he fails to point to anything that would establish an actual conflict between Mr. Patterson and his counsel. First, Mr. Patterson claims that, because Mr. Patterson owed a $20,000 debt to his counsel, counsel failed to file a motion based on the alleged Speedy Trial Act violation. But Mr. Patterson points to nothing that clearly establishes that counsel failed to file the motion because of the outstanding debt. Instead, as discussed above, there was no Speedy Trial Act violation, and it therefore would have been frivolous for counsel to have filed a motion alleging such a violation.

18

Second, Mr. Patterson claims that counsel gave him improper advice concerning the alleged plea agreement "because [counsel] was disinterested in corresponding [with] and visiting [Mr. Patterson] to consult with him about the nature of the charges and consequences if he went to trial." Doc 118 at 17. Similarly, Mr. Patterson argues that counsel's alleged "conflict of interest in collecting his $20,000 debt forced him to coerce [Mr. Patterson] into going to trial so that he could continue to collect the remaining balance." Mr. Patterson does not explain how counsel's coercing him into going to trial would assist counsel in collecting the $20,000 debt owed by Mr. Patterson, nor does he point to evidence establishing that counsel gave allegedly deficient advice because of the outstanding debt owed by Mr. Patterson. Further, as discussed previously, Mr. Patterson has not established that counsel's advice concerning the alleged plea agreement was constitutionally deficient. Instead, as discussed above, the record demonstrates that, after being advised by counsel concerning the plea offer and the consequences of going to trial, Mr. Patterson elected to go to trial to preserve his right to appeal under the Fourth Amendment.

Third, Mr. Patterson claims that "counsel's conflict of interest in obtaining his $20,000 debt owed to him . . . prevented him from objecting to the PSR and preparing adequately for sentencing." Doc. 118 at 18. The record belies this argument. Counsel filed written objections to the PSR. Moreover, counsel discussed objections to the PSR at the sentencing hearing. Finally, Mr. Patterson has not pointed to any evidence that would

19

link the outstanding debt he owed counsel to any alleged deficiency regarding objections to the PSR.

The mere fact that Mr. Patterson owed a debt to counsel is insufficient to "g[i]ve rise to an actual conflict." See Ohiri, 287 F. App'x at 38. And Mr. Patterson has pointed to "no evidence linking [counsel's] alleged deficient performance to the existence of the debt." See id. Thus, Mr. Patterson has not met his burden of "showing specific instances" that would demonstrate "an actual conflict of interest which adversely affected his lawyer's performance." See Gardner, 568 F.3d at 886 (internal quotation marks omitted). Accordingly, Mr. Patterson's arguments regarding the alleged conflict of interest lack merit.

In sum, we conclude that although the district court erred in failing to address certain claims made by Mr. Patterson, the record demonstrates that the unaddressed claims lack merit. Kerber, 647 F.3d at 971. Moreover, because the issues omitted on appeal lack merit, we likewise reject Mr. Patterson's arguments that his appellate counsel was ineffective for failing to raise these claims on appeal. See Neill, 278 F.3d at 1057.

## CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Patterson's the district court's denial of § 2255 relief.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

20