FILED
United States Court of Appeals
Tenth Circuit

August 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASON WILSON,

> Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

> Respondent - Appellee.

No. 14-7022
(D.C. No. CV-11-00016-RAW-KEW)
(E.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Petitioner Jason Wilson, an Oklahoma state prisoner, requests a Certificate

of Appealability (COA) to appeal the district court's denial of his 28 U.S.C.

§ 2254 petition. Wilson alleges he received ineffective assistance of counsel

because his trial counsel advised him to reject a plea offer based on her incorrect

understanding of the law. Exercising jurisdiction under 28 U.S.C. §§ 1291 and

2253, we DENY the application for a COA and DISMISS the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

An Oklahoma jury found Wilson guilty of one count of assault and battery with a deadly weapon under Okla. Stat. tit. 21, § 652, as well as several drug-related charges and a charge for simple assault.[1] The assault and battery charge arose from an incident in which Wilson attacked one of his ex-wife's coworkers with a claw hammer and screwdriver. Wilson repeatedly stabbed the victim in his rib cage, shoulder, back, head, and ear with a screwdriver and also attacked him with a claw hammer. The victim apparently did not suffer severe injuries from the stabbing because he was wearing a heavy denim jacket. Wilson received a sentence of twenty-six years imprisonment on the assault and battery charge.

Wilson appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA) and requested an evidentiary hearing on his claims of ineffective assistance of counsel. The OCCA affirmed the trial court's judgment and sentence. Wilson then filed a petition for a writ of habeas corpus in federal district court, raising several grounds for ineffective assistance of counsel: (1) counsel based her trial strategy on an incorrect legal rule and failed to introduce mitigating evidence; (2) counsel advised Wilson to decline plea offers based on

---

[1] The First Amended Information charged Wilson with four counts of assault and battery with a deadly weapon, one count of unlawful possession of marijuana, and one count of unlawful possession of drug paraphernalia. The Second Amended Information charged Wilson with four counts: (1) assault and battery with a deadly weapon; (2) unlawful possession of marijuana; (3) unlawful possession of drug paraphernalia; and (4) assault.

an incorrect legal rule; and (3) counsel advised Wilson to waive lesser included offenses to the charge of assault with a deadly weapon. The district court dismissed Wilson's petition.

Wilson's petition for COA raises only one issue: whether counsel provided ineffective assistance concerning the plea offers.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. To merit a COA, a petitioner must demonstrate a "substantial showing of the denial of a constitutional right," § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotation marks omitted).

When the state court adjudicates a claim on the merits, as here, we defer to the state court's proceedings unless the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2). To meet this standard, the petitioner bears the difficult burden of showing "that the state court's ruling on

the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 787–88 (2011); *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (citations and internal quotation marks omitted)). "[W]e review the district court's legal analysis of the state court decision *de novo*." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (citations and internal quotation marks omitted); *see also Lott v. Trammell*, 705 F.3d 1167, 1212–13 (10th Cir. 2013). We presume the state court's factual findings are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To establish ineffective assistance of counsel, Wilson must prove (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "[O]ur review of counsel's performance under the first prong of *Strickland* is a highly deferential one. Our case law makes clear that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Byrd*, 645 F.3d at 1168 (citations and internal quotation marks omitted). To be deficient, counsel's performance "must have been completely unreasonable, not merely wrong." *Id.* (citations and internal quotation marks omitted). What is more, our review in a

§ 2254 petition is "doubly deferential," as we "defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client." *Id.* (citations and internal quotation marks omitted); *see also Titlow*, 134 S. Ct. at 13. The second *Strickland* prong requires the petitioner to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Where, as here, the petitioner alleges he would have pleaded guilty but for the ineffective assistance of counsel, to show *Strickland* prejudice he must demonstrate: (1) "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).

Wilson claims that his retained trial counsel was ineffective because he relied on counsel's advice not to take several plea offers based on her incorrect belief that a screwdriver was not a deadly weapon but a "tool of the trade." Aplt. Br. at 4. The record confirms that Wilson was made aware of the two plea offers before trial. The first plea offer, dated May 23, 2008, contained an offer for a

five-year suspended sentence for the assault with a deadly weapon charge, a five-year deferred sentence for the three other counts of assault with a deadly weapon,[2] a two-year suspended sentence for unlawful possession of marijuana, and an order to pay "cost" for possession of drug paraphernalia. App. 67. The second plea offer, dated June 3, 2008, offered Wilson a thirty-year sentence with fifteen years suspended for the assault with a deadly weapon, a one-year suspended sentence for drug possession, a $500.00 fine for possession of drug paraphernalia, and thirty days in jail for the simple assault charge.

Wilson maintains that he rejected the first plea offer because his lawyer told him he should not accept the plea for several reasons, including: (1) the hammer and screwdriver were tools of trade and not deadly weapons; (2) Wilson would get a better deal after the preliminary hearing; (3) the state was "'setting [him] up' by offering a suspended sentence on one charge and deferred on the others" because "the offer made it easier for the state to revoke [Wilson's] sentence at a later time and would result in [Wilson] receiving a harsher sentence." App. 57. Wilson alleges that his lawyer advised him to wait until

---

[2] Wilson states that the deferred sentence was for "count four." App. 57. The plea offer states that the deferred sentence was for Counts Two through Four. App. 67. The First Amended Information in effect at the time of the first plea offer charged Wilson with four counts of assault and battery with a deadly weapon under Okla. Stat. tit. 21, § 652, in addition to the two drug offenses. App. 56. Thus, our review of the record indicates that the first plea offer would have given Wilson a suspended sentence for the first charge of assault with a deadly weapon and a deferred sentence for the remaining charges for the same offense.

after the preliminary hearing to see what evidence the state had against him and if any charges would be reduced or dropped. He argues that he would have accepted the plea offer if she had not advised him he could get a better deal by waiting and had she not told him that neither a hammer nor a screwdriver could be considered a deadly weapon.

Wilson also argues that he rejected the second plea offer and proceeded to trial because his lawyer told him that "trial was the best option" because the offer was "'bogus' based on the fact that [he] had no prior convictions and the injuries to the victims were not that severe" and because "the hammer and screw driver [sic] were 'weapons of convenience' because they were tools, and were not deadly weapons intended to cause death." App. 57.

The OCCA rejected Wilson's claims regarding his counsel's ineffectiveness in plea negotiations because it regarded her advice to reject the plea offers as "reasonable strategy decisions." *Wilson v. State*, No. F-2008-1157, slip op. at 2–3 (Okla. Crim. App. June 4, 2010). Based on its review of the trial record, the district court believed that his lawyer's strategy was to prove that Wilson "did not use or intend to use the screwdriver as a deadly weapon . . . [by] directing the jury's attention to the minimal injuries suffered by his victim." *Wilson v. Addison*, No. CIV-11-016-RAW-KEW, 2014 WL 1338481, at *2 (E.D. Okla. Mar. 31, 2014). Accordingly, the district court found that the lawyer's advice to reject the plea offers was based on a reasonable trial strategy decision.

We begin with the presumption that counsel's performance was not deficient and that the state court's determination of the effectiveness of counsel's performance was correct. *Byrd*, 645 F.3d at 1168. Absence of evidence regarding a lawyer's advice during plea negotiations "cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Titlow*, 134 S. Ct. at 17 (citations and internal quotation marks omitted). Moreover, bad advice or "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler*, 132 S. Ct. at 1391; *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) ("For counsel's [decision] to rise to the level of constitutional ineffectiveness, the decision . . . must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy." (internal quotation marks omitted)); *Wooldridge v. Scott*, 77 F.3d 494 (10th Cir. 1996) (unpublished) ("[B]ad advice alone is insufficient to prove the deficient performance required for constitutionally ineffective assistance of counsel.").

Wilson's lawyer's strategy—to show that the screwdriver and hammer were not used in a manner likely to cause death or serious bodily injury based on the victim's lack of severe injuries—was not unreasonable. *See Hay v. State*, 447 P.2d 447, 451 (Okla. Crim. App. 1968) ("There can be no question but that by [the] manner of use [a pair of shoes] might under certain circumstances become a dangerous weapon; as for instance, where the evidence revealed that they were

used to stomp one to death, or to inflict great bodily injury. The manner of their use would determine the fact as to whether or not they were a dangerous weapon." (citations and internal quotation marks omitted)); *Martin v. State*, 94 P.2d 270, 274 (Okla. Crim. App. 1939) ("A deadly weapon is one likely to produce death or great bodily harm by the use made of it, but a weapon capable of producing death is not necessarily a weapon likely to produce death." (citations omitted)). Moreover, Wilson does not contend that his lawyer advised him to not to take the plea *solely* based on her alleged belief that the tools could not be deadly weapons. His affidavit cites several grounds on which his lawyer based her belief that he could get a better plea offer after the preliminary hearing, as well as her estimate that he would likely receive a lower sentence at trial than the plea deal offered based on his criminal history and the severity of the victim's injuries.

We do not address prejudice because we are free to address either of the two *Strickland* prongs in any order, and the petitioner's failure to show either prong is dispositive. *Byrd*, 645 F.3d at 1168. AEDPA requires that we defer to the state court's application of *Strickland* unless no reasonable jurist could agree with that result. Because that is not the case here, we find that Wilson is not entitled to federal habeas relief.

# III. Conclusion

Based on the foregoing analysis, we DENY Wilson's request for a COA and DISMISS his appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge